OPINION *Page 2 
{¶ 1} Appellant Jawan B. Starkey was convicted in the Mahoning County Court of Common Pleas on one count of sexual battery, based on a Crim.R. 11 plea agreement. He now appeals his five-year prison sentence on the grounds that the trial court abused its discretion. Appellant argues that the trial court failed to consider the purposes of felony sentencing and the felony sentencing guidelines found in R.C. 2929.11-12. Appellant contends that the trial court provided almost no basis for imposing a maximum sentence, other than noting some of the victim's injuries and stating that Appellant made an advantageous bargain in pleading to only a sexual battery, since the original charges were rape and kidnapping. Appellant submits that these reasons do not support the sentence, and that the court should not have relied on dismissed charges in formulating the sentence.
 {¶ 2} The recent decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, has given the trial courts wide discretion in imposing felony sentences. The record here reflects that the trial court considered the victim's testimony, the presentence investigation, the prosecutor's recommendation, and other facts that were revealed in both the plea hearing and at sentencing. Furthermore, long-established caselaw has held that the trial court may consider uncharged crimes, as well as charges that are dismissed in a plea agreement, as factors at sentencing. The sentence was within the range of sentences available for sexual battery, and the judgment of the trial court is affirmed.
 {¶ 3} On January 4, 2002, Appellant was indicted for rape and kidnapping (both first degree felonies) and theft (a fifth degree felony). The charges were based *Page 3 
on events that took place on January 14-15, 2001, in which Appellant attacked S.D., a student at Youngstown State University. After numerous delays and continuances, the case was set for trial on April 18, 2006. Appellant waived his right to jury trial on April 17, 2006, and entered into plea negotiations. A plea agreement was reached on April 19, 2006. The prosecutor agreed to drop counts two and three of the indictment, and Appellant agreed to plead guilty to a lesser charge in count one, that of sexual battery, a third degree felony pursuant to R.C.2907.03(A)(2).
 {¶ 4} After a hearing, the court accepted the guilty plea that same day, April 19, 2006, and set sentencing for June 15, 2006. A presentence investigation report was prepared, and sentencing took place as scheduled.
 {¶ 5} The victim testified at sentencing, stating that she was out dancing and socializing with her friends on the night of the crime, but that she did not remember the crime itself. She described a variety of injuries from the crime, including scrapes, cuts, bruises, persistent aches and pains in her arms, wrists and ankles, flashbacks of being helpless, and a wide variety of emotional and mental pain, including depression. She also expressed the anxiety of waiting for her test results for sexually transmitted diseases. She expressed her desire that Appellant receive the maximum penalty allowed by law.
 {¶ 6} The prosecutor pointed out at sentencing that Appellant was under a community control sanction when he was arrested for the crimes in the instant case. The prosecutor recommended that the maximum prison term be imposed. The trial judge noted the victim's injuries, and also stated that, "you have been given a distinct *Page 3 
advantage * * * when your lawyer was able to get one very serious count reduced and another count thrown out against you. Otherwise, you would be facing a heck of a lot more time than what you're facing right now." (6/15/06 Tr., p. 17.) The court sentenced Appellant to the maximum prison term, five years in prison, as well as a $5,000 fine, which was suspended. Appellant filed a delayed appeal on July 25, 2006, which was accepted by this Court.
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM SENTENCE UPON THE DEFENDANT/APPELLANT AND THE MAXIMUM SENTENCE IS CONTRARY TO LAW BECAUSE THE COURT FAILED TO PROPERLY CONSIDER AND BALANCE THE PRINCIPALS [sic] AND PURPOSES OF SENTENCING SET FORTH IN R.C. § 2929.11 AND THE SERIOUSNESS AND RECIDIVISM FACTORS SET FORTH IN R.C. § 2929.12(C) AND CONSIDERED AN IMPROPER SENTENCING FACTOR."
 {¶ 8} On February 27, 2006, the Ohio Supreme Court issued State v.Foster. Foster determined that certain felony sentencing statues violated the Sixth Amendment right to trial by jury. Foster held that the felony sentencing statutes improperly mandated that the trial court, rather than a jury, make certain findings in order to impose sentences that were more than the minimum set forth in the statute, as well as consecutive and maximum sentences. Foster declared that the statues establishing mandatory judicial findings are unconstitutional, severed the offending *Page 4 
statutes from the sentencing code, and held that a sentencing judge now has discretion to impose any sentence within the statutory range set forth for each crime.
 {¶ 9} In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, which was a companion case to Foster, the Ohio Supreme Court stated:
 {¶ 10} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 11} After Foster, felony sentences are reviewed for abuse of discretion. Furthermore, a felony sentence may be reversed, modified, or vacated only if the appellate court clearly and convincingly finds that the sentence is contrary to law. R.C. 2953.08(G)(2). Thus, the situation is similar to that which existed prior to the major statutory sentencing reform which occurred in S.B. 2 in 1996. Under the caselaw that preceded the 1996 felony sentencing overhaul, sentences were reviewed only for abuse of discretion. "Generally, there is no abuse in discretion when the sentence is authorized by statute." State v. Rittenhour (1996), 112 Ohio App.3d 219, 224, 678 N.E.2d 293. Some cases had considered it to be an abuse of discretion when the sentencing judge failed to indicate that any sentencing factors *Page 5 
were considered, which amounts to a complete failure to exercise any discretion at all. City of Cincinnati v. Clardy (1978),57 Ohio App.2d 153, 385 N.E.2d 1342.
 {¶ 12} Appellant was sentenced on June 15, 2006, a few months after the Foster opinion was released. Appellant acknowledges that the trial court sentenced him under the standard set forth in Foster, and there are no allegations that the trial court relied on unconstitutional statutory provisions in formulating the sentence.
 {¶ 13} As long as a trial court considers the purposes of felony sentencing found in R.C. 2929.11 and the felony sentencing factors found in R.C. 2929.12, and as long as the sentence falls within the range of penalties permitted for the charged crimes, a felony sentence will generally be upheld on appeal. We also note that the seriousness and recidivism factors found in R.C. 2929.12 do not form an exclusive list. The trial court may consider any other factors that it deems to be relevant. R.C. 2929.12(A).
 {¶ 14} We have recently held that the sentencing judge is not required to make any specific findings on the record in order to establish that it considered the seriousness and recidivism factors set forth in R.C.2929.12. State v. Warren, 7th Dist. No. 06 BE 28, 2006-Ohio-1128, ¶ 16, citing State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, andState v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849.
 {¶ 15} Appellant argues that the trial court did not set forth which sentencing factors, if any, it was considering. Appellant is mistaken. The sentencing hearing transcript makes it clear that the judge was particularly moved by the victim's physical *Page 6 
and mental injuries. Physical and mental injuries are listed as sentencing factors in R.C. 2929.12(B)(1), (2), and (C)(3). The trial court also noted that Appellant was convicted of receiving stolen property in Trumbull County based on the same events of June 14-15, 2001. The court specifically indicated that it considered every factor that Appellant and Appellant's counsel raised during the hearing. (6/15/06 Tr., p. 17.) The record actually reflects that the trial court considered a variety of factors prior to imposing its sentence. Therefore, the trial court did not abuse its discretion in relation to the sentencing factors found in R.C. 2929.11-12.
 {¶ 16} Appellant's second argument in this appeal is that the trial court improperly considered dismissed charges as factors in sentencing. Appellant is correct that it is generally considered to be reversible error for the trial court to, "impose a more severe sentence because of the trial court's belief that the jury was mistaken in finding the defendant not guilty of another offense." State v. Patterson (1996), 110 Ohio App.3d 264, 270-271, 673 N.E.2d 1001. The lesson ofPatterson has little to do with this case, however. Appellant was not tried by a jury and was not acquitted of the two other charges that were originally filed against him. The rape charge was dismissed based on the plea agreement. A dismissal in this context is not equivalent to an acquittal because the dismissed charges can be reinstated if the plea deal fails. One of the incentives for a defendant to follow the terms of a plea agreement is the knowledge that a breach of the agreement will likely result in a reinstatement of all charges, even those charges dismissed as part of the plea. Appellant was not acquitted of any of the crimes mentioned at sentencing, and the *Page 7 
trial judge did not impose a harsher penalty based on his belief that Appellant was actually guilty of a crime for which he had been acquitted.
 {¶ 17} Courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing. State v. Cooey (1989), 46 Ohio St.3d 20,35, 544 N.E.2d 895 (such uncharged crimes are part of the defendant's social history and may be considered); State v. Tolliver, 9th Dist. No. 03CA0017, 2003-Ohio-5050, ¶ 24 (uncharged crimes in a presentence investigation report may be a factor at sentencing); United States v.Mennuti (C.A.2, 1982), 679 F.2d 1032, 1037 (similar though uncharged crimes may be considered); United States v. Needles (C.A.2, 1973),472 F.2d 652, 654-56 (a dropped count in an indictment may be considered in sentencing). This has long been the rule in Ohio:
 {¶ 18} "[I]t is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant[.]" State v. Burton (1977), 52 Ohio St.2d 21, 23, 368 N.E.2d 297.
 {¶ 19} The trial judge did not commit error by referring to the dismissed kidnapping charge or the fact that Appellant was originally indicted on a rape charge. The fact that Appellant was convicted of receiving stolen property was recognized by *Page 8 
the trial court, and the trial court was aware of the circumstances in dismissing a prior theft charge in light of the related conviction in Trumbull County. Appellant raises no caselaw that would prohibit a trial judge from taking into account charges that are reduced or dismissed as a result of a plea bargain, in fact, the history of Ohio law indicates that the sentencing judge may consider such factors.
 {¶ 20} Both of Appellant's arguments are without merit. His sole assignment of error is overruled. The conviction and sentence are affirmed in full.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1