DECISION AND JUDGMENT ENTRY
{¶ 1} Adrian J. Young appeals his maximum felony sentence in the Highland County Common Pleas Court. On appeal, Young contends that the trial court erred when it imposed the maximum five-year prison term for his gross sexual imposition conviction. He claims that the sole basis for imposing the maximum sentence on [him] is that he `got a break' when the rape charge was dismissed" as part of a plea agreement. Because the record supports that Young committed one of the worst forms of the offense, and because the trial court could properly consider the dismissed rape charge, we disagree. Accordingly, we overrule Young's sole assignment of error and affirm the judgment of the trial court.
 I. *Page 2 {¶ 2} A Highland County Grand Jury indicted Young on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and one count of rape in violation of R.C.2907.02(A)(1)(b), a felony of the first degree. Young entered not guilty pleas and requested discovery.
 {¶ 3} The bill of particulars provided by the State indicated that Young had sexual contact with a three-year-old by touching her back, buttocks, and vagina with his mouth and tongue. It further provided that Young had sexual conduct with the same three-year-old by inserting his tongue into her vagina.
 {¶ 4} The record shows that Young co-habitated with the victim's paternal grandmother. When the victim occasionally spent the weekend with them, she slept in the same bed with them. On the day in question, the alleged sexual contact and conduct occurred when the grandmother was in the bathroom getting ready for church. It occurred in Young's bed.
 {¶ 5} Young told the victim not to tell anyone. After two weeks went by, the victim told. Her mother took her to Children's Hospital in Cincinnati where she was examined and interviewed. Children's Hospital filed a report with the Highland County Sheriff's Office. The Sheriff's Office, based on this report, arrested and charged Young with gross sexual imposition and rape. Young admitted to law enforcement the sexual contact part of the allegations.
 {¶ 6} Eventually, Young entered into a plea agreement with the State. That is, he pled guilty to the gross sexual imposition offense in exchange for the dismissal of the rape offense. The parties further agreed to leave sentencing to the discretion of the trial court. The court accepted the plea agreement and *Page 3 
found Young guilty of gross sexual imposition and dismissed the rape offense. The court ordered a pre-sentence investigation.
 {¶ 7} On the day of sentencing, the court first classified Young a sexually oriented offender.
 {¶ 8} At the sentencing hearing, the court referred to the pre-sentence report; heard from the State, Young's counsel, and Young; and listened to victim's mother. Before imposing sentence, the court stated, inter alia, "I see no reason for mercy, he already got a break by the reduction." The court then imposed the maximum sentence, a five-year prison term.
 {¶ 9} Young appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN IMPOSING THE MAXIMUM SENTENCE OF FIVE YEARS IMPRISONMENT FOR GROSS SEXUAL IMPOSITION."
 II. {¶ 10} Young contends in his sole assignment of error that the trial court erred when it sentenced him to a maximum prison term. For the reasons that follow, we disagree.
 {¶ 11} The trial court sentenced Young after the Supreme Court of Ohio decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. TheFoster court held that the portions of Ohio's statutory sentencing scheme that required sentencing courts to make factual findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences are unconstitutional. Id. at paragraphs 1-6 of the syllabus. The Court severed those portions of the *Page 4 
sentencing statutes, and retained the portions of the sentencing statutes that do not violate the constitution. Id. at ¶ 96. "Trial courts have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 12} While the Foster court declared that a sentencing court possesses full discretion in sentencing an offender, the court abrogated R.C. 2953.08(G), which defines the appellate court's role in sentencing, only "insofar as it applies to the severed sections" of Ohio's statutory sentencing scheme. Foster at ¶¶ 97-99. Thus, even after Foster, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." State v.Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, ¶ 15, citing R.C.2953.08(G); see, also, State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, ¶ 4, fn. 1 (stating that "the sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster"); State v.Rhodes, Butler App. No. CA2005-10-426, 2006-Ohio-2401.
 {¶ 13} Under this statutory standard, we neither substitute our judgment for that of the trial court nor simply defer to its discretion.State v. Mustard, Pike App. No. 04CA724, 2004-Ohio-4917, ¶ 19, citingState v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806; State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. Rather, we look to the record to determine whether the *Page 5 
sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law. SeeState v. Parrish, Montgomery App. No. 21206, 2006-Ohio-4161, ¶ 62.
 {¶ 14} In sentencing a felony offender, the sentencing court must consider the general guidance factors contained in R.C. 2929.11 and R.C.2929.12. Foster at ¶ 42. The court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender. R.C. 2929.11(A). It is within the court's discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C.2929.11. R.C. 2929.12(A). However, the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, and those set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism. R.C.2929.12(A). Additionally, the court may consider any other factor that it deems relevant to achieving the principles and purposes of sentencing. Id.
 {¶ 15} Our review of the record indicates that the trial court considered the statutory guidelines as required by R.C. 2929.11 and2929.12 when it sentenced Young. Further, the court indicated that it considered the principles and purposes of sentencing.
 {¶ 16} However, "[e]ven after Foster severed the factual requirements necessary for imposing a maximum sentence under former R.C. 2929.14, the policy of [the] statute and the General Assembly remains clear. That is, maximum *Page 6 
sentences are reserved for those who commit [one of] the worst forms of the offense or where the defendant poses the greatest likelihood of recidivism." State v. Braun, Washington App. No. 07CA15, 2007-Ohio-6443, ¶ 27
(Harsha, J., concurring), referencing Griffin Katz, Ohio Felony Sentencing Law (2007 Ed.) 214-215, AC 2929.14-VIII.
 {¶ 17} Here, the record does not show that Young "poses the greatest likelihood of recidivism." Young, other than some traffic tickets, does not have a prior record. The trial court apparently agrees because it did not seem to focus on this factor. If the trial court's sentence was based upon this rationale, then we believe it would be contrary to law.
 {¶ 18} However, we find that the record does show that Young committed one of the worst forms of gross sexual imposition for the following reasons. First, the grand jury indicted Young for gross sexual imposition and rape, but the State agreed to dismiss the rape offense in exchange for Young pleading guilty to the gross sexual imposition offense. Second, the victim was three years old (Young was born on June 12, 1974). Third, Young, co-habitating with the victim's paternal grandmother, was in a position of trust when the victim stayed with her grandmother (it happened in his bed, in his room, while the grandmother was getting ready for church). Fourth, Young spent some time planning the offense, e.g., he used barbecue sauce as part of his ploy of touching the victim's back, buttocks, and vagina with his mouth and tongue. Fifth, the victim's mother verified that her daughter "has nightmares waking up screaming and crying that he is there." She said that her daughter would not go outside for a month *Page 7 
because she was scared. In addition, she stated, "[M]y husband's friends * * * can't even come over because she is scared and I got to protect her." And, sixth, as the trial court noted, Young "threatened [the victim] to keep her from saying anything about it."
 {¶ 19} Young claims "that the Court's sole basis for imposing the maximum sentence on [him] is that he `got a break' when the rape charge was dismissed."
 {¶ 20} In State v. Starkey, Mahoning App. No. 06MA110, 2007-Ohio-6702, the defendant also complained that the trial court considered a dismissed rape charge (as part of a plea agreement) when it sentenced him. The Starkey court stated, "Courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing. State v.Cooey (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (such uncharged crimes are part of the defendant's social history and may be considered); State v. Tolliver, 9th Dist. No. 03CA0017, 2003-Ohio-5050, ¶ 24 (uncharged crimes in a pre-sentence investigation report may be a factor at sentencing); United States v. Mennuti (C.A.2, 1982),679 F.2d 1032, 1037 (similar though uncharged crimes may be considered);United States v. Needles (C.A.2, 1973), 472 F.2d 652, 654-56 (a dropped count in an indictment may be considered in sentencing)."Starkey at ¶ 17.
 {¶ 21} Here, the factual allegations for the rape charge were the same as the facts of the gross sexual imposition charge except the State alleged that Young inserted his tongue into the victim's vagina. *Page 8 
 {¶ 22} Therefore, for the above stated reasons, we cannot clearly and convincingly find that the trial court failed to consider the statutory guidelines or that Young's sentence is otherwise contrary to law.
 {¶ 23} Accordingly, we overrule Young's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only.
 Harsha, J.: Concurs in Judgment and Opinion. *Page 1