{para; 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Marcus Jones, appeals the decision of the Mahoning County Court of Common Pleas that sentenced him for one count of attempted murder with a firearm specification after this court remanded the case for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. On appeal, Jones argues his sentence should be remanded for resentencing again because the trial court did not demonstrate that it considered R.C. 2929.11 and 2929.12 when sentencing him on remand.
{para; 2} We have held that a trial court must indicate in the record that it has considered these statutes when sentencing a felony offender. This is not a very high hurdle for a trial court to reach and the trial court did so in this case. When imposing a sentence on Jones at the resentencing hearing, the trial court stated that it took "everything into account" and recognized "the seriousness of the offense" when sentencing Jones. This is sufficient to indicate that it considered those statutes, especially given the fact that the trial court had explicitly considered those statutes when it first imposed the same sentence. Accordingly, the trial court's decision is affirmed.
 Facts {para; 3} Jones was convicted of attempted murder with a firearm specification by a jury in November 2005. The trial court considered the requisite factors and sentenced Jones to a maximum prison term. Jones then appealed that decision to this court. In State v. Jones, 7th Dist. No. 05 MA 218, 2007-Ohio-3183, we affirmed Jones's conviction, but reversed his sentence and remanded the case to the trial court for resentencing pursuant to the Ohio Supreme Court's recent decision inFoster.
 {para; 4} On August 17, 2007, the trial court held a new sentencing hearing. At that hearing, the trial court noted that it had previously sentenced Jones and it then decided to reimpose the original sentence, "having taken everything into account and recognizing the seriousness of the offense for which Mr. Jones was convicted." At no time did the trial court ever cite to R.C. 2929.11 or 2929.12. It is from this judgment that Jones timely appeals.
 Considering R.C. 2929.11 and 2929.12 when Sentencing *Page 2 {para; 5} Jones argues the following assignment of error on appeal:
{para; 6} "The trial court erred when it sentenced Defendant-Appellant Marcus Jones to a maximum term of imprisonment without considering R.C. 2929.11 and the factors enumerated in R.C. 2929.12 and without establishing support on the record for such a sentence, rendering the sentence contrary to law."
{para; 7} R.C. 2929.11(A) provides as follows:
{para; 8} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
{para; 9} R.C. 2929.12 provides a non-exhaustive list of factors a trial court shall consider when determining the seriousness of the form of the offense the offender committed and the likelihood that this offender will commit future offenses. Notably, each of these statutes requires that a court "consider" those statutes when sentencing a felony offender.
{para; 10} Prior to the effective date of S.B. 2 in 1996, a silent record gave rise to a presumption that the trial court considered R.C. 2929.11 and 2929.12. State v. Cyrus (1992), 63 Ohio St.3d 164, 166;State v. Adams (1988), 37 Ohio St.3d 295, 297-298. This court recently reaffirmed that this presumption no longer applied after S.B. 2 became effective. See State v. Barnette, 7th Dist. No. 06 MA 135,2007-Ohio-7209, at ¶ 24, citing State v. Pickford (Feb. 22, 1999), 7th Dist. No. 97JE21.
{para; 11} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme found much of Ohio's felony sentencing scheme unconstitutional. However, the Court held that trial courts should still consider R.C. 2929.11 and 2929.12 when sentencing a felony offender.
{para; 12} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been *Page 3 
excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender."State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.
{para; 13} In Bamette, we recently concluded that "nothing inFoster made the requirements of R.C. 2929.11 and 2929.12 any different than they were pre-Foster. Id. at ¶ 23. Thus, we held "that there at least be an indication in the record that the trial court considered the factors in R.C. 2929.12" when sentencing a felony offender. Id. at ¶ 25. We did not state in Bamette whether there was a similar requirement for R.C. 2929.11 since we were not asked to give an opinion on that issue in that case.
{para; 14} Although we have not commented on whether a trial court must indicate in the record that it has considered R.C. 2929.11, seeState v. Perry, 7th Dist. No. 02 CA 182, 2003-Ohio-7000, other courts have held that "[t]he record must provide some indication that the trial court considered" the factors in R.C. 2929.11. State v. Heuser (Sept. 21, 2000), 10th Dist. No. 00AP-68; see also State v. Spradling, 2d Dist. No. 20960, 2005-Ohio-6683; State v. Patterson, 8th Dist. No. 84803,2005-Ohio-2003. Furthermore, the reasons why the trial court must indicate that it has considered R.C. 2929.12 apply equally as strongly to the need to indicate it considered R.C. 2929.11. Thus, the record must somehow indicate that the trial court considered both R.C. 2929.11
and 2929.12 when sentencing a felony offender.
{para; 15} In this case, Jones was previously sentenced and one could argue that we should excuse any failure to indicate that the trial court considered those statutes here as long as it considered those statutes previously and imposed the same sentence. However, in State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the Ohio Supreme Court made it clear that a trial court cannot merely rely on the fact that it had previously sentenced an offender on remand. "Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." Id. at ¶ 13. Thus, the record of the sentencing portion of the case currently under review must reflect the fact that the trial court has considered R.C. 2929.11 and2929.12. *Page 4 
 {para; 16} Of course, a trial court need not specifically state that it is considering those statutes in order for the record to reflect that it actually has considered them. For instance, some courts have said that the record in a particular case indicates that the trial court considered the statutes because it used the language set forth in those statutes, even if it did not cite to those statutes. See State v.Lewis, 2d Dist. No. 2006CA0119, 2007-Ohio-6607, at ¶ 16; State v.Smith, 3d Dist. No. 2-06-37, 2007-Ohio-3129, at ¶ 27. Others, including decisions from this court, have affirmed a felony sentence when the trial court relied on facts which fit within the overriding purposes of felony sentencing in R.C. 2929.11 and the factors in R.C. 2929.12. SeeState v. Starkey, 7th Dist. No. 06 MA 110, 2007-Ohio-6702, at ¶ 15;State v. Teel, 6th Dist. No. S-06-045, 2007-Ohio-3570, at ¶ 15;State v. Sharp, 10th Dist. No. 05AP-809, 2006-Ohio-3448, at ¶ 4-6.
{para; 17} This second set of cases is most similar to the one currently under appeal. In this case, the trial court did not specifically cite to R.C. 2929.11 or 2929.12 at either Jones's sentencing hearing or in its judgment entry. Furthermore, the trial court's language does not track the statutory language. Instead, the trial court merely stated that it was imposing a maximum sentence "having taken everything into account and recognizing the seriousness of the offense for which Mr. Jones was convicted."
{para; 18} The trial court's statement in this case is less substantive than many of the statements courts have made in other cases. For example, in Starkey, we held that the trial court had satisfied its duties under R.C. 2929.11 and 2929.12 because the record showed that:
{para; 19} "the judge was particularly moved by the victim's physical and mental injuries. Physical and mental injuries are listed as sentencing factors in R.C. 2929.12(B)(1), (2), and (C)(3). The trial court also noted that Appellant was convicted of receiving stolen property in Trumbull County based on the same events of June 14-15, 2001. The court specifically indicated that it considered every factor that Appellant and Appellant's counsel raised during the hearing. (6/15/06 Tr., p. 17.) The record actually reflects that the trial court considered a variety of factors prior to imposing its sentence. Therefore, the trial court did not abuse its discretion in relation to the sentencing factors found in R.C. 2929.11 — 12." Id. at ¶ 15. *Page 5 
 {para; 20} However, a trial court does not need to be as specific as the trial court was in Starkey in order to indicate that it has considered those statutes. We understand the trial court's reference to the seriousness of the offense in this case to be a reference to the concepts the trial court should consider when sentencing a felony offender. R.C. 2929.11(B) does, after all, say that a trial court needs to consider, among other things, the "need for incapacitating the offender [and] deterring the offender and others from future crime." The more serious the crime, the greater the need for this incapacitation and deterrence. Furthermore, half of the factors a trial court is to consider under R.C. 2929.12 deal with the seriousness of the offense.
{para; 21} Moreover, the prosecutor mentioned at the sentencing hearing that the trial court had previously imposed a maximum sentence and that this court remanded the case solely because of the Ohio Supreme Court's decision in Foster. Defense counsel then expressed his belief that the trial court would reimpose that same sentence, but asked for a reduced sentence without offering any explanation why that should be done. The trial court stated that it had "taken everything into account" after hearing these arguments and we interpret this as an indication that it considered the facts and issues argued to it by the parties. When this statement is combined with "the seriousness of the offense" statement and defense counsel's failure to give any principled reason for applying a lesser sentence, we believe the trial court satisfied its obligation to indicate that it considered R.C. 2929.11 and 2929.12.
{para; 22} For these reasons, we conclude Jones's sole assignment of error is without merit and the judgment of the trial court is affirmed. *Page 1