DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Joshua A. Beaver, appeals the sentence imposed upon him by the Washington County Court of Common Pleas in connection with his plea of guilt to one count of receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A) and (C). In his sole assignment of error, Appellant contends that the trial court erred when it imposed on him a maximum sentence of eighteen months, when he was a *Page 2 
first time offender. Because we find that the trial court properly applied the statutory guidelines and imposed a sentence that was "reasonably calculated to achieve" the overriding purposes of felony sentencing, we cannot conclude that the sentence is contrary to law. Accordingly, we affirm the trial court's imposition of sentence.
 FACTS {¶ 2} On March 9, 2007, Appellant was indicted on two counts of receiving stolen property, felonies of the fourth degree, in violation of R.C. 2913.51(A) and (C), and two counts of grand theft, felonies of the third degree, in violation of R.C. 2913.02(A)(1)(3)(B)(4). The charges involved guns that were taken from the residence of Sherry Williams, a friend of Appellant. On October 16, 2007, Appellant pled guilty to one count of receiving stolen property in exchange for the State's promise to dismiss all remaining charges. The common pleas court convicted Appellant of one count of receiving stolen property. At the sentencing hearing held on November 20, 2007, the trial court asked Appellant to disclose the location of the stolen guns. In response to this question, Appellant stated "I don't have them sir." At the conclusion of the sentencing hearing, the court sentenced Appellant to the maximum term of imprisonment of eighteen *Page 3 
months. Appellant now appeals his sentence, assigning a single assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 3} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A MAXIMUM SENTENCE OF EIGHTEEN MONTHS, FOR MR. BEAVER, A FIRST TIME OFFENDER."
 STANDARD OF REVIEW {¶ 4} In his sole assignment of error, Appellant contends that the trial court erred when it imposed on him a maximum sentence of eighteen months, when he was a first time offender. For the reasons that follow, we disagree.
 {¶ 5} The trial court sentenced Appellant after the Supreme Court of Ohio decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. TheFoster court held that the portions of Ohio's statutory sentencing scheme that required sentencing courts to make factual findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences are unconstitutional. Id. at paragraphs 1-6 of the syllabus. The Court severed those portions of the sentencing statutes, and retained the portions of the sentencing statutes that do not violate the constitution. Id. at ¶ 96. "Trial courts have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for *Page 4 
imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 6} While the Foster court declared that a sentencing court possesses full discretion in sentencing an offender, the court abrogated R.C. 2953.08(G), which defines the appellate court's role in sentencing, only "insofar as it applies to the severed sections" of Ohio's statutory sentencing scheme. Foster at ¶ 97-99. Thus, even after Foster, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." State v.Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, ¶ 15, citing R.C. 2953.08(G); see, also, State v. Rhodes, Butler App. No. CA2005-10-426,2006-Ohio-2401.
 {¶ 7} Under this statutory standard, we neither substitute our judgment for that of the trial court nor simply defer to its discretion.State v. Mustard, Pike App. No. 04CA724, 2004-Ohio-4917, at ¶ 19, citingState v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806; State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. Rather, we look to the record to determine whether the sentencing court considered and properly applied the statutory *Page 5 
guidelines and whether the sentence is otherwise contrary to law. SeeState v. Parrish, Montgomery App. No. 21206, 2006-Ohio-4161, ¶ 62.
 {¶ 8} In sentencing a felony offender, the sentencing court must consider the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12. Foster at ¶ 42. The court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender. R.C. 2929.11(A). It is within the court's discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). However, the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, and those set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism. R.C. 2929.12(A). Additionally, the court may consider any other factor that it deems relevant to achieving the principles and purposes of sentencing. Id.
 {¶ 9} Our review of the record indicates that the trial court considered the statutory guidelines as required by R.C. 2929.11 and2929.12 when it sentenced Appellant. The court indicated that it considered the principles and purposes of sentencing both at the hearing and in its sentencing entry. *Page 6 
With regard to the seriousness of Appellant's offense, the court noted in its entry that "[t]he defendant caused serious economic harm," and "[t]he defendant's relationship to the victim facilitated the offense." With regard to recidivism factors, the court noted that "[t]he defendant has prior adult and juvenile criminal convictions," including unruly, operating a motor vehicle while intoxicated, driving under suspension and reckless operation as a juvenile. Further, the court noted that as an adult, Appellant had been convicted for fireworks in a village, alcohol under the age of 21, reckless operation, criminal trespass, open container, domestic battery, driving under the influence, theft, disorderly conduct by fighting, criminal damaging and disorderly conduct. With regard to recidivism factors, the court further found that Appellant "demonstrated a pattern of alcohol abuse related to the offense and refuses to acknowledge the pattern or refused treatment." Finally, the court found that its sentence was "reasonably calculated to achieve" the overriding purposes of felony sentencing.
 {¶ 10} Here, the trial court imposed a sentence that was within the statutory limits. Before Appellant entered his guilty plea, the court explained to him that the maximum sentence was eighteen months. The court properly considered the factors in R.C. 2929.11 and R.C. 2929.12. The court imposed a sentence "reasonably calculated" to achieve the two overriding purposes of *Page 7 
felony sentencing. The court addressed the seriousness and recidivism factors, including the fact that Appellant also has an extensive juvenile and adult record.
 {¶ 11} However, "[e]ven after Foster severed the factual requirements necessary for imposing a maximum sentence under former R.C. 2929.14, the policy of [the] statute and the General Assembly remains clear. That is, maximum sentences are reserved for those who commit [one of] the worst forms of the offense or where the defendant poses the greatest likelihood of recidivism." State v. Braun, Washington App. No. 07CA15,2007-Ohio-6443, ¶ 27 (Harsha, J., concurring), referencing Griffin 
Katz, Ohio Felony Sentencing Law (2007 Ed.) 214-215, AC 2929.14-VIII.
 {¶ 12} Here, the record shows that Appellant "poses the greatest likelihood of recidivism." Appellant, although a first time felony offender, has quite an extensive juvenile and adult record and the trial court made note of this factor in its consideration of the appropriate sentence. The trial court further found, with regard to recidivism, that Appellant demonstrated a pattern of alcohol abuse, and his prior record is evidence of that factor. Further, we find that the record shows that Appellant committed one of the worst forms of receiving stolen property for the following reasons. First, the grand jury indicted Appellant on two counts of receiving stolen property, *Page 8 
both fourth degree felonies, and two counts of grand theft, both third degree felonies. As part of a plea agreement, the State agreed to dismiss all but one count of receiving stolen property, in exchange for Appellant's plea of guilt. Second, Appellant's relationship with the victim facilitated the commission of the offense. Third, the court found that Appellant had caused serious economic harm to the victim as a result of the commission of the offense.
 {¶ 13} In State v. Starkey, Mahoning App. No. 06MA110, 2007-Ohio-6702, the defendant complained that the trial court considered a dismissed rape charge (as part of a plea agreement) when it sentenced him. TheStarkey court stated, "Courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing. State v. Cooey (1989),46 Ohio St.3d 20, 35, 544 N.E.2d 895 (such uncharged crimes are part of the defendant's social history and may be considered); State v.Tolliver, 9th Dist. No. 03CA0017, 2003-Ohio-5050, ¶ 24 (uncharged crimes in a pre-sentence investigation report may be a factor at sentencing);United States v. Mennuti (C.A.2, 1982), 679 F.2d 1032, 1037 (similar though uncharged crimes may be considered); United States v.Needles (C.A.2, 1973), 472 F.2d 652, 654-56 (a dropped count in an indictment may be considered in sentencing)." Starkey at ¶ 17. *Page 9 
Therefore, for the above stated reasons, we cannot clearly and convincingly find that the trial court failed to consider the statutory guidelines or that Appellant's sentence is otherwise contrary to law.
 {¶ 14} Finally, Appellant contends that the trial court imposed a maximum sentence to simply punish him for refusing to tell the court where the stolen guns were and to prove a point. It does appear, from a review of the record, that the trial court took into consideration the fact that Appellant would not disclose the location of the stolen guns. However, as set forth above and as correctly argued by Appellee, in addition to the seriousness and recidivism factors, the court may consider any other factor that it deems relevant to achieving the principles and purposes of sentencing. Therefore, we find that Appellant has not shown that his sentence is contrary to law. Accordingly, we affirm the trial court's imposition of a maximum sentence of eighteen months.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only.
 Kline, J.: Concurs in Judgment and Opinion. *Page 1