[Cite as *State v. Davis*, 2017-Ohio-733.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0163 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| VIRGINIA DAVIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                             Common Pleas of Mahoning County,
                             Ohio
                             Case No. 15 CR 84

JUDGMENT:                    Affirmed.  Modified.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Paul J. Gains
                             Mahoning County Prosecutor
                             Atty. Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio  44503

For Defendant-Appellant:      Atty. Ronald D. Yarwood
                             DeGenova & Yarwood, Ltd.
                             42 North Phelps Street
                             Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                             Dated:  February 28, 2017

WAITE, J.

{¶1} Appellant Virginia Davis appeals an August 21, 2015 Mahoning County Common Pleas Court sentencing entry. Appellant argues that a statement made by the prosecutor was improper and only served to inflame the judge against her. Appellant additionally argues that her sentence is contrary to the law. For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} The charges at issue stem from two incidents where Appellant had sexual intercourse without informing either man that she is HIV positive. The record shows that on January 29, 2015, Appellant was indicted on two counts of felonious assault, a felony of the second degree in violation of R.C. 2903.11(B)(1), (D), and one count of falsification, a misdemeanor of the first degree in violation of R.C. 2921.13(A)(2), (F)(1). Although Appellant contends that one of the felonious assault counts involved a non-HIV offense, this is not supported by the record.

{¶3} Appellant entered into a Crim.R. 11 plea agreement with the state. Pursuant to its terms, Appellant pleaded guilty to one count of felonious assault. The count was amended to add both victims. The remaining counts of felonious assault and falsification were dismissed. On the same day, the trial court conducted a plea hearing and, after a colloquy with Appellant, accepted her guilty plea.

{¶4} On August 20, 2015, the trial court held a sentencing hearing. The state agreed to seek a four-year sentence of incarceration, unless Appellant requested community control. In that event, the state would seek four to six years of

incarceration.   Appellant requested community control.   Ultimately, the trial court imposed a seven-year incarceration term on Appellant.  This timely appeal followed.

<u>ASSIGNMENT OF ERROR NO. 1</u>

Appellant was denied her right to a fair trial and due process when the State made improper remarks during the sentencing hearing that were baseless, inflammatory and expressed his personal beliefs.

**{¶5}**   Appellant argues that the prosecutor's statement "[t]o me those two men have life sentences" was prejudicial.  (Appellant's Brf., p. 2.)  Appellant claims that the statement is baseless, as neither victim has experienced symptoms of HIV. Appellant argues that the statement was not derived from evidence contained in the record, expressed a personal belief, and only served to inflame the judge against her at sentencing.

**{¶6}**   In response, the state argues that Appellant pleaded guilty to a violation of R.C. 2903.11(B)(1).   An element of this offense includes that the defendant engaged in sexual intercourse with another with knowledge that she is a carrier of the HIV virus.  As such, the state contends that the prosecutor's statement is relevant to this element and to the possible effects the victims may face.

**{¶7}**   Appellant's trial counsel did not object to the statement at trial.  She concedes, then, that she is limited to a plain error review.  A three-part test is employed to determine whether plain error exists. *State v. Billman*, 7th Dist. Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 25, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

First, there must be an error, *i.e.* a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.

*Billman* at ¶ 25.

**{¶8}** At the sentencing hearing, the prosecutor stated: "To me those two men have life sentences. They have to go every six months, get tested. They don't know what's in the future for them, okay. That's why I feel that prison is necessary here." (8/20/15 Sentencing Hrg. Tr., p. 3.) It appears from reading this record in context that the prosecutor was explaining that he was asking Appellant be given a prison sentence due to the potential health issues facing the victims and the uncertainty of these risks into the future.

**{¶9}** As noted by the state, courts are permitted to consider criminal charges that were dismissed pursuant to a plea agreement when imposing a sentence. See *State v. Starkey,* 7th Dist. No. 06 MA 110, 2007-Ohio-6702. The prosecutor's statement, here, appears relevant to R.C. 2929.12(B)(2), which requires the trial court to consider whether "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." The prosecutor acknowledged that the victims faced great uncertainty regarding the HIV virus and must undergo regular testing, which caused them both psychological harm and

potential physical harm. As defense counsel explained, it is possible for a person carrying HIV to test at non-detectable levels and later test at higher reportable levels. (8/20/2015 Sentencing Hrg., p. 5-6.) According to the prosecutor, the victims may be retested every six months. While the prosecutor may have engaged in some hyperbole, it is reasonable to glean from the record that the victims have suffered harm. We also note that this statement was made to the judge in sentencing, and not to a jury or other layperson who may be more easily swayed by emotion. As the prosecutor's comment is directly related to one of the seriousness factors of R.C. 2929.12, the comment was not plain error. Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The trial court abused its discretion and/or issued a sentence contrary to law by sentencing Appellant to a term of incarceration when she had no prior criminal record and there was no known harm to the victims.

{¶10} Appellant contends that her sentence, which is more severe than the state requested, is contrary to the law. Appellant argues that the trial court should have considered mitigating factors such as her lack of a criminal record and mental health issues. Additionally, Appellant argues that the two victims have suffered no known harm.

{¶11} In response, the state argues that Appellant's sentence is within the permissible statutory range. The state also contends that the trial court considered all relevant sentencing statutes.

**{¶12}** An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Further, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

**{¶13}** The maximum penalty for a felony of the second degree is eight years. R.C 2929.14(A)(2). Appellant's sentence of seven years is within the permissible statutory range. This sentence is undeniably lengthy. However, in order to sustain Appellant's argument, we would be required to clearly and convincingly find that the record does not support the sentence.

**{¶14}** Contrary to Appellant's argument, the record reveals that she did have a criminal record. At the sentencing hearing, Appellant's counsel informed the court that she had a prior disorderly conduct conviction in Columbiana County for which she received a jail sentence. While the record reflects mitigating factors, Appellant's pregnancy and mental health issues, the court was clearly aware of these. We have already determined that this record shows there was harm to the victims. There is nothing of record to demonstrate that this sentence is clearly contrary to law. As such, Appellant's second assignment of error is without merit and is overruled.

**{¶15}** Although not raised by the parties, we note that the sentencing entry contains a clerical error. While the trial court correctly stated at the sentencing hearing that the offense constitutes a violation of R.C. 2903.11(B)(1),(D), the entry misstates that subsection as "a violation of ***Ohio Revised Code 2903.11(A)(1)(D).***"

Accordingly, we modify and correct the error in the August 21, 2015 sentencing entry to correct the error to reflect the correct subsection "R.C. 2903.11(B)(1), (D)."

## Conclusion

**{¶16}** Appellant argues that a statement made by the prosecutor was improper and served to inflame the judge. However, the comment was related to the seriousness factors pursuant to R.C. 2929.12. Appellant also argues that her sentence is contrary to law. Appellant's sentence falls within the permissible statutory range and there is nothing in this record to demonstrate that it is otherwise contrary to law. The judgment of the trial court is affirmed. The August 21, 2015 sentencing entry is modified to correct a clerical error, correcting reference to R.C. 2903.11(A)(1)(D) to accurately cite R.C. 2903.11(B)(1), (D).

Donofrio, J., concurs.

Robb, P.J., concurs.