# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRISTOPHER PATTON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0033**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18 CR 1041

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Edward Czopur,* DeGenova & Yarwood, Ltd., 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: March 3, 2020

_____

**D'Apolito, J.**

{¶1}    Appellant, Christopher Patton, appeals from the March 12, 2019 judgment of the Mahoning County Court of Common Pleas sentencing him to 18 months in prison on one count of illegal conveyance of prohibited items onto grounds of a specified government facility following a guilty plea.  On appeal, Appellant takes issue with his sentence.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On December 6, 2018, Appellant was indicted by the Mahoning County Grand Jury on two counts: count one, illegal conveyance of prohibited items onto grounds of a specified government facility, a felony of the third degree, in violation of R.C. 2921.36(C); and count two, inducing panic, a felony of the fourth degree, in violation of R.C. 2917.31(A)(3) and (C)(3).[1]  Appellant was appointed counsel and initially pleaded not guilty at his arraignment.

{¶3}    Thereafter, Appellant entered into a plea agreement with Appellee, the State of Ohio.  A change of plea hearing was held on January 9, 2019.  Appellant withdrew his former not guilty plea and entered a guilty plea to count one as charged in the indictment.  The State and defense counsel recommended an agreed upon sentence that Appellant be placed on community control.  The trial court accepted Appellant's guilty plea, after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11, and dismissed count two.  The court indicated it is not bound by the recommendation, ordered a PSI, and deferred sentencing.

{¶4}    A sentencing hearing was held on February 27, 2019.  On March 12, 2019, after considering the record, the statements and recommendations of counsel and Appellant, the PSI, the purposes and principles of sentencing under R.C. 2929.11, and

_____

[1] The charges stem from Appellant's involvement in passing suboxone to his girlfriend, who was in custody at the time, in Campbell Municipal Court.  The police observed the offense, and after a brief chase, apprehended Appellant outside the courthouse.  Some officers involved in the arrest later became ill, believing it was because they had come into contact with a white powder substance on Appellant's wallet.

Case No. 19 MA 0033

the seriousness and recidivism factors under R.C. 2929.12, the trial court sentenced Appellant to 18 months in prison, with 132 days of jail time credit. The court also notified Appellant that post-release control is discretionary for a period of up to three years. Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE SENTENCE IMPOSED WAS CONTRARY TO LAW AND DEPRIVED APPELLANT OF DUE PROCESS WHEN THE TRIAL COURT DEEMED APPELLANT A PRIOR FELON, DESPITE HIS RECORD, AND HELD THE REDUCED AND/OR UN-CONVICTED FELONIES AGAINST HIM FOR PURPOSES OF SENTENCING.**

**{¶5}** This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶6}** R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the

Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a) and (b).

**{¶7}** Appellant contends the trial court erred in considering his criminal record before imposing sentence.

It is well established that sentencing courts may consider arrests and even prior allegations that did not result in conviction before imposing sentence. *State v. Hutton,* 53 Ohio St.3d 36, 43, 559 N.E.2d 432 (1990). A sentencing court may take into consideration the circumstances of the offense for which the defendant has been indicted, even if the negotiated plea is at odds with the indicted elements. *State v. Starkey,* 7th Dist. No. 06 MA 110, 2007-Ohio-6702, ¶ 17. In sentencing, the court can review the indictment, bill of particulars, victim's statements in court, trial testimony if a trial was held, and any presentence investigation report. See R.C. 2929.19(B)(1). * * *

* * * Moreover, "(c)ourts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing." *Starkey* at ¶ 17.

*State v. Martin*, 7th Dist. Mahoning No. 16 MA 0160, 2018-Ohio-862, ¶ 7-8.

As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant(.) *State v. Burton* (1977), 52 Ohio St.2d 21, 23, 368 N.E.2d 297.

*Starkey,* 2007-Ohio-6702, ¶ 18.

Case No. 19 MA 0033

**{¶8}** At the sentencing hearing, the trial court specifically stated the following:

THE COURT: Well, the intervention in lieu of conviction up in Ashtabula involves felonies to which he pled but has not been convicted because he was granted ILC. But, obviously, and I don't care if anybody likes it or not, he is guilty of those offenses. We have just made some exception for him, and he has thumbed his nose at Ashtabula County when that exception was made; so he does have prior felonies in the eyes of this court. They are not convictions * * * but anybody with half a brain can look at those offenses and can also look at the criminal trespass in 2014 in Ashtabula County which * * * was amended to a misdemeanor from a Felony 2 burglary. So this dude has been skating for a long time, and one of the reasons in the eyes of this court that he would be so bold as to try and sneak an illegal substance onto the grounds of a detention facility is because every time he comes to court the authorities kiss his butt. That's what's been going on. Nobody has grabbed him by the throat and said we are not going to put up with this crap. You are a criminal. You should be punished. I just have trouble escaping that.* * *

* * *

But to characterize this guy as just a prior misdemeanor offender, I probably have to qualify that somewhat. I am not just going to consider him as such, and I believe I have said enough to explain why.

* * *

There are no cheeks left [to turn] for you. I mean, you have been getting away with this crap over and over and over and over again, and all everybody * * * ever does for you is say, well, let's just put him on probation. Let's be nice to him. Let's - - why would a judge, a judge, be nice to you? Why in the world would anybody think about putting you on probation? Tell me that. Forget about the deal. The hell with the deal. I am not bound by

the deal.  So why in the world would I put you on probation?

THE DEFENDANT: I have no answer.

* * *

THE COURT:  All right.  The court considers the purposes and principles of sentencing, and the seriousness and recidivism factors, and the guidance by degree of felony.  This guy has a record.  He keeps coming back; and recidivism is not only likely, it's almost a certainty.  * * * The nature of the crime is such that it is a government facility, a court of all places, and this guy is sneaking drugs to somebody who is a defendant in custody in that court.

* * *

The purposes and principles of sentencing say that I am to punish the offender and to protect the public from future crime by this offender and others.  So if I let you go, I would be saying to others that go ahead and do this.  If you get away with it, God bless you.  If you don't get away with it, we are still going to bless you because nobody is going to punish you for doing something so outrageously disrespectful.

* * * This is a felony of the third degree, a very serious felony.  * * * I am to consider the need for incapacitation, deterrence, rehabilitation and restitution.  The sentence must be commensurate with and not demeaning to the seriousness of this offender's conduct, its impact on the victim and it must be consistent with sentences for similar crimes by similar offenders.  * * *

So the court considers the fact that this guy has no idea why I would put him on probation and that's about as revealing a thing as anybody could ever need to know.

So it's the order of the court the defendant * * * serve a term of 18 months

Case No. 19 MA 0033

\* \* \*.

(2/27/19 Sentencing T.p. 8-16).

**{¶9}** Also, in its March 12, 2019 judgment entry, the trial court stated:

The Court has considered the record, the statements and recommendations of counsel and of Defendant, the pre-sentence investigation and report \* \* \* as well as the purposes and principles of sentencing under O.R.C. 2929.11. The Court has balanced the seriousness and recidivism factors under O.R.C. 2929.12 and has followed the guidance by degree of felony in O.R.C. 2929.13.

(3/12/19 Judgment Entry p. 1).

**{¶10}** Appellant raises no case law that would prohibit a sentencing judge from taking into account charges that are reduced or dismissed. In fact, the history of Ohio law establishes that it is within the sentencing judge's discretion to consider such factors. *See Hutton, supra,* at 43; *Starkey, supra,* at ¶ 17-19; *Martin, supra,* at ¶ 7-8.

**{¶11}** In addition, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12, as evidenced from the record. Furthermore, Appellant's 18-month sentence is within the statutory range. *See* R.C. 2929.14(A)(3)(b) ("For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.") Also, the record reveals the trial court properly advised Appellant regarding post-release control.

**{¶12}** Accordingly, the trial court complied with all applicable rules and statutes. As a result, we do not find by clear and convincing evidence that the record does not support Appellant's sentence or that the sentence is contrary to law.

## CONCLUSION

**{¶13}** For the foregoing reasons, Appellant's sole assignment of error is not well-

Case No. 19 MA 0033

taken. The judgment of the Mahoning County Court of Common Pleas, sentencing Appellant to 18 months in prison on one count of illegal conveyance of prohibited items onto grounds of a specified government facility following a guilty plea, is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 19 MA 0033

[Cite as *State v. Patton*, 2020-Ohio-937.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**