[Cite as *State v. Williams*, 2011-Ohio-4316.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10 MA 137 |
| | ) | |
| DAMON WILLIAMS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 09CR1254

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee          Paul Gains
                                Prosecutor
                                Ralph M. Rivera
                                Assistant Prosecutor
                                21 W. Boardman St., 6th Floor
                                Youngstown, Ohio 44503-1426

For Defendant-Appellant         Attorney Scott C. Essad
                                5815 Market Street, Suite 1
                                Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: August 23, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Damon Williams, appeals from a Mahoning County Common Pleas Court judgment sentencing him to 11 years in prison following his guilty plea to aggravated robbery and the accompanying firearm specification.

{¶2} A Mahoning County Grand Jury indicted appellant, along with a co-defendant, on one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(C), and a firearm specification, in violation of R.C. 2941.145(A). Appellant entered a not guilty plea.

{¶3} A jury trial commenced. However, after trial began, appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio. Appellant entered a guilty plea to the charge and firearm specification as set out in the indictment.

{¶4} The trial court subsequently held a sentencing hearing where it sentenced appellant to eight years in prison for aggravated robbery and three mandatory years for the firearm specification, to be served consecutively for a total of 11 years.

{¶5} Appellant filed a timely notice of appeal on August 23, 2010.

{¶6} Appellant raises a single assignment of error, which states:

{¶7} "THE TRIAL COURT'S SENTENCING OF DAMON WILLIAMS WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AS WELL AS AN ABUSE OF DISCRETION."

{¶8} Appellant argues that the trial court abused its discretion in sentencing him to a total of 11 years in prison for aggravated robbery and the firearm specification. He contends that the court should not have run his sentences consecutively. Appellant points out that his total sentence is one year longer than the maximum sentence allowed for a first-degree felony. He asserts that a defendant who pleads guilty to an un-amended charge should not be sentenced to more time than the maximum sentence on the underlying offense.

{¶9} Our review of felony sentences is a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶26. First, we must examine the sentence to determine if it is "clearly and

convincingly contrary to law." Id. (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶¶13-14. (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. Id. at ¶17. (O'Conner, J., plurality opinion).

{¶10} Appellant was convicted of a first-degree felony. The applicable sentences for a first-degree felony are three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court sentenced appellant to eight years. The eight-year sentence was clearly within the applicable statutory range.

{¶11} Additionally, appellant was convicted of a firearm specification in violation of R.C. 2941.145(A). This specification carried with it a mandatory three-year prison term to which the court sentenced appellant.

{¶12} Moreover, the trial court considered the necessary statutes in reaching its sentence. In its sentencing judgment entry, the court explicitly stated that it considered "the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." The trial court's statement that it considered the factors in R.C. 2929.12 is sufficient to establish compliance with its duty. *State v. Barnette*, 7th Dist. No. 06-MA-135, 2007-Ohio-7209, at ¶25. The record must simply "somehow indicate" that the trial court considered both R.C. 2929.11 and 2929.12. *State v. Jones*, 7th Dist. No. 07-MA-159, 2008-Ohio-3336, at ¶14.

{¶13} Thus, appellant's sentence is not contrary to law.

{¶14} Next, we must consider whether the trial court abused its discretion in sentencing appellant. Abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151.

{¶15} The court stated, in its judgment entry, that it considered "the record, the oral statements, the pre-sentencing investigation report prepared and the victim's impact statement." Additionally, at the sentencing hearing, the court heard from the

84-year-old victim of the aggravated robbery whom appellant and his co-defendant robbed at gunpoint. (Sen. Tr. 3-5). The court was also able to consider the fact that appellant had a previous conviction and did prison time for a probation violation. (Sen. Tr. 8).

{¶16} A sentencing court has "full discretion" to sentence an offender within the statutory range and is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph seven of the syllabus. Further, "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, at paragraph three of the syllabus.

{¶17} Hence, simply because the trial court here imposed consecutive sentences that resulted in appellant's total sentence exceeding the maximum sentence allowed for a first-degree felony does not lead to the conclusion that the trial court abused its discretion in sentencing him. The court was able to consider various factors, which it weighed in meting out appellant's sentence. And there is no indication that the court acted unreasonably, arbitrarily, or unconscionably in deciding appellant's sentence.

{¶18} Because appellant's sentence is not contrary to law and it did not result from an abuse of discretion, his sole assignment of error is without merit.

{¶19} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.