[Cite as *State v. Lunn*, 2021-Ohio-302.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2020-0031 |
| NIKKI LUNN | |
| Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2019-0696 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 3, 2021 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| D. MICHAEL HADDOX<br>Prosecuting Attorney<br>Muskingum County, Ohio | GERALD G. SIMMONS<br>536 S. High Street<br>Columbus, Ohio  43215 |
| TAYLOR P. BENNINGTON<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio  43702-0189 | |

*Hoffman, J.*

{¶1} Defendant-appellant Nikki Lunn appeals the judgment entered by the Muskingum County Common Pleas Court convicting her of aggravated vehicular homicide (R.C. 2903.06(A)(2)(a)) and attempted vehicular assault (R.C. 2923.02(A), R.C. 2903.08(B)(1)(c)) following her pleas of no contest, and sentencing her to an aggregate term of incarceration of ninety-six months. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 2, 2019, Appellant was traveling home from work on route 666 in Muskingum County. While driving, she received a text message from her mother-in-law, who was babysitting Appellant's two children. The text message said Appellant's one-year-old daughter was sick, and "The sooner you get here the better." Appellant attempted to pass cars in front of her in a marked no passing zone. During her attempt to pass, she crashed into a motorcycle. A second motorcycle took evasive action, crashing as well. As a result of the crash, Dustin Spence was killed, and Dustin Phillis was seriously injured. Appellant had used marijuana earlier on the day of the crash. The accident report stated there was no sign of pre-crash braking by Appellant's vehicle.

{¶3} Appellant was indicted by the Muskingum County Grand Jury with two counts of aggravated vehicular homicide, one count of aggravated vehicular assault, and one count, of operating a motor vehicle under the influence of marijuana, one count of operating a motor vehicle with a prohibited amount of marijuana in her urine, and one count of operating a motor vehicle with a prohibited amount of marijuana metabolite in her urine. Appellant entered a plea of no contest to one count of aggravated vehicular homicide and one count of attempted vehicular assault, as amended from aggravated vehicular assault. The State agreed to nolle the remaining charges.

**{¶4}** The case proceeded to a sentencing hearing in the Muskingum County Common Pleas Court. The trial court sentenced Appellant to sixty months incarceration for aggravated vehicular homicide and thirty-six months incarceration for attempted vehicular assault, to be served consecutively for an aggregate sentence of ninety-six months. It is from the May 7, 2020 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

I. THE TRIAL COURT'S SENTENCE OF APPELLANT IS CONTRARY TO LAW IN CONTRAVENTION OF OHIO SENTENCING STATUTES.

II. THE TRIAL COURT ERRED BY IMPOSING AN EIGHT YEAR CONSECUTIVE SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE (1) SECTION NINE (9) OF THE OHIO CONSTITUTION PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

I.

**{¶5}** In her first assignment of error, Appellant argues the maximum consecutive sentence of eight years as imposed by the trial court is contrary to law. She argues the trial court's conclusion the accident was not a result of Appellant's child's illness is not supported by the record, and she demonstrated genuine remorse despite the trial court's suggestion she refused to accept personal responsibility for the crash. She further argues

the trial court should not have commented on her marijuana use, as her marijuana use was not a contributing factor to the accident.

**{¶6}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659.

**{¶7}** In *State v. Gwynne*, 5th Dist. Delaware No. 16 CAA 12 0056, 2017-Ohio-7570, this Court reviewed an aggregate sentence of 65 years incarceration imposed on a 55-year-old former nurse's aide for a variety of theft and burglary convictions arising out of her employment at a nursing home. While we found no error in the trial court's findings regarding the necessity of imposing consecutive sentences pursuant to R.C. 2929.14(C)(4), we concluded the record did not support the trial court's aggregate sentence under R.C. 2929.11 and R.C. 2929.12, which govern the purposes of felony sentencing and the trial court's weighing of the seriousness and recidivism factors in fashioning an appropriate sentence. In so concluding, this Court held as follows:

> The sentence is an emotional response to very serious and reprehensible conduct. However, the understandably strong feelings must be tempered by a sanction clearly and convincingly based upon the record to effectuate the purposes of sentencing. The sentence imposed here does

not do so. It is disproportionate to the conduct and the impact on any and all of the victims either individually or collectively. It runs the risk of lessening public respect for the judicial system. The imposition of a 65 year sentence for a series of non-violent theft offenses for a first-time felon shocks the consciousness. We therefore find by clear and convincing evidence that the record does not support the sentence.

**{¶8}**   *Id.* at ¶ 30.

**{¶9}**   However, this Court's decision was reversed by the Ohio Supreme Court in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169 (2019).  The Supreme Court held because Gwynne did not challenge any of her sentences individually, this Court erred in reviewing the aggregate sentence pursuant to R.C. 2929.11 and R.C. 2929.12.  *Id.* at ¶18.  The Supreme Court noted Gwynne conceded the trial court made the requisite findings before imposing consecutive sentences, and thus the sole issue for this Court's review was whether the record supported the trial court's findings.  *Id.* at ¶19.

**{¶10}** Appellant makes no argument either of her individual sentences was contrary to law; rather, she argues the aggregate sentence of eight years is contrary to law.  Therefore, pursuant to the Ohio Supreme Court's decision in *Gwynne, supra,* we may only modify the sentence or remand for resentencing if we clearly and convincingly find the trial court's consecutive sentencing findings, made pursuant to R.C. 2929.14(C)(4), are not supported by the record.  R.C. 2953.08(G)(2)(a).

**{¶11}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** In the instant case, the trial court found the imposition of consecutive sentences was necessary to protect the public from future crime or to punish Appellant, and consecutive sentences are not disproportionate to the seriousness of Appellant's

conduct and to the danger Appellant poses to the public. The court found at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of Appellant's conduct.

{¶13} While Appellant expressed great remorse at the sentencing hearing for the death of Dustin Stevens and the injuries to Dustin Phillis, the trial court found she continued to refuse to take responsibility for the crash:

THE COURT: Again, that – that's exactly the point I'm making, the lack of responsibility and remorse. I know you're sorry that someone got injured and you're sorry that someone has died. Absolutely I believe that. But the personal responsibility, I don't see happening, because it was because of your child. And it wasn't because of your child that this happened.

{¶14} Sent. Tr. 30.

{¶15} The trial court noted Appellant's choices which led to the crash: she chose to continue driving rather than pull to the side of the road to call to check on her child and find out whether the illness was an emergency, and she chose to pass on a curve and a hill, where the road was marked as a no passing zone with a double yellow line. Sent. Tr. 27-28. The accident report found no evidence of pre-crash braking on the part of Appellant's vehicle. Sent. Tr. 28.

**{¶16}** Further, the trial court noted the number of letters he received from the surviving victim, as well as the family and friends of the deceased victim.  The trial court quoted one letter which in the trial court's opinion summed up the crash:

She says, I don't consider it an accident.  The steering wheel coming off while driving is an accident.  This happened because someone made a choice.  The choice to smoke weed before driving, not accidental.  The choice to speed, not accidental.  The choice to pass someone on a double yellow line, not accidental.  These are all thoughts turned in to choices which then turned in to actions.  Actions that robbed our family of our sweet Dustin.  He was a son, brother, grandson, uncle, nephew, cousin and friend.

**{¶17}**  Sent. Tr. 31.

**{¶18}**  The trial court is in a better position than this court to assess whether Appellant's remorse included an acknowledgement of her personal responsibility for the crash, and whether her actions were in fact motivated by an emergency involving her child.  *See, e.g., State v. Eckliffe*, 11th Dist. Lake No. 2001-L-105, 2002-Ohio-7136, ¶ 32.

**{¶19}**  The trial court noted Appellant's use of marijuana at several points in the sentencing hearing.  Appellant conceded she smoked marijuana the morning of the accident, and the presentence investigation report set forth she smoked marijuana daily from the age of sixteen until she was arrested for the instant crimes in November of 2019.  Sent. Tr. 19-20. Appellant argues the charges relating to driving under the influence of

marijuana were dismissed as part of the plea agreement, and she had a pharmacologist who would have testified at trial marijuana was not a factor in this case.

{¶20} A sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement. *State v. Parsons*, 2013-Ohio-1281, 2013 WL 1289523, ¶ 18, *citing State v. Starkey*, 7th Dist. No. 06MA110, 2007-Ohio-6702, 2007 WL 4374457, ¶ 2; *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). In imposing sentence, the trial court can also take into consideration the fact the charges were reduced. *Id.* Furthermore, the trial court may consider uncharged crimes, as well as charges that are dismissed in a plea agreement, as factors at sentencing. *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 2.

{¶21} While Appellant argues she would have presented evidence at trial her marijuana use played no role in the crash, such evidence is not part of the record before this Court on appeal.  Appellant was charged not only with driving under the influence of marijuana, but also with one count of driving with a prohibited level of marijuana in her urine, as well as one count of driving with a prohibited level of a marijuana metabolite in her urine.  She admitted to using marijuana at 8:00 a.m. on the day of the crash, with the crash occurring around 3:30 in the afternoon.  The presentence investigation report further set forth she smoked marijuana daily from the age of sixteen until she was arrested on the charges arising out of the crash in November, 2019.  We find the trial court could consider the evidence of her marijuana use in determining whether consecutive sentences were appropriate in the instant case.

**{¶22}** Based on the record before this court, we do not clearly and convincingly find the trial court's findings in support of its imposition of consecutive sentences are not supported by the record.

**{¶23}** The first assignment of error is overruled.

II.

**{¶24}** In her second assignment of error, Appellant argues the imposition of an eight year aggregate sentence violates the constitutional prohibitions against cruel and unusual punishment set forth in the United States and Ohio Constitutions.

**{¶25}** The Eighth Amendment to the United States Constitution prohibits "[e]xcessive" sanctions. It provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

**{¶26}** The Eighth Amendment does not require strict proportionality between crime and sentence, but only forbids extreme sentences which are grossly disproportionate to the crime. *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), *quoting Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680 (1991), (Kennedy, J., concurring in part and in judgment). A sentence does not violate the constitutional prohibition against cruel and unusual punishment unless the sentence is so grossly disproportionate to the offense as to shock the sense of justice in the community. *State v. Chaffin*, 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46 (1972).

**{¶27}** Further, for purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather

than on the cumulative impact of multiple sentences imposed consecutively. *State v. Hairston*, 118 Ohio St.3d 289, 888 N.E.2d 1073, 2008–Ohio–2338, ¶ 20. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment. *Id.* As a general rule, a sentence that falls within the terms of a valid sentencing statute cannot constitute cruel and unusual punishment. *Id.* at ¶ 21.

{¶28} Appellant does not challenge the sentencing statutes pursuant to which she was sentenced, nor does she argue she was not sentenced within a range permitted by statute. Further, Appellant's challenge is to the cumulative impact of her consecutive sentences, which is not a proper consideration pursuant to *Hairston, supra.* We find Appellant has not demonstrated her sentence constitutes cruel and unusual punishment under the United States and Ohio Constitutions.

**{¶29}** The second assignment of error is overruled.

**{¶30}** The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, John, J. concur