[Cite as *State v. Allen*, 2022-Ohio-268.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMIE EARL ALLEN | : | Case No. 2021CA00051 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                            Pleas, Case No. 2020 CR 1697

JUDGMENT:          Affirmed

DATE OF JUDGMENT:          January 31, 2022

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

KYLE L. STONE                                   GEORGE URBAN
PROSECUTING ATTORNEY                116 Cleveland Avenue NW
STARK COUNTY, OHIO                        Suite 808
                                                            Canton, OH 44702
  By: Vicky L. DeSantis
        110 Central Plaza South - Suite 510
        Canton, OH 44702-1413

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant Jamie Earl Allen appeals the April 7, 2021 judgment of the Stark County Court of Common Pleas memorializing his conviction for one count of rape and sentencing him to life imprisonment without the possibility of parole. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  In 2020, six-year-old A.O. was living with her mother L.G. and her two younger siblings in an apartment next to appellant, his girlfriend Kristina, and her children.

{¶ 3}  L.G. and Kristina had gone to school together and became reacquainted after L.G. moved in. L.G. worked nights and Kristina and appellant frequently babysat A.O. and her siblings. At some point L.G. and Kristina had a falling out after Kristina's parents died and she withdrew from others. Appellant, however, advised L.G. that she and her children were like family to him and Kristina, and he would continue to watch A.O. and her siblings himself.

{¶ 4}  On April 1, 2021, A.O. spent the night at appellant's apartment with her siblings. When L.G. picked A.O. up the following day A.O. told her mother appellant had been touching her privates. A.O. complained her privates hurt and were burning. When L.G. examined A.O.'s privates she found the area swollen and red.

{¶ 5}  L.G. went next door and banged aggressively on appellant's door. When appellant failed to answer, L.G. went back to her own apartment. Appellant appeared 10 minutes later demanding to know why she was banging on his door. L.G. told appellant "you know what you did and I'm not going to state anything further to you. * * * I'll let you

deal with the police." Transcript of Trial (T.), March 4, 2021 at 236. Appellant appeared startled and went back to his apartment.

{¶ 6} L.G. contacted law enforcement and Canton Police Detective Victoria Sellers arrived on the scene. Sellers directed L.G. to keep A.O. in the clothing she had been wearing overnight and take her to Akron Children's Hospital.

{¶ 7} Upon arrival at Akron Children's, social worker Bobbi Jo Niedenthal spoke with A.O. alone. Asked why she was at the hospital A.O. told Niedenthal because her privates hurt because appellant had touched her privates with his hand and his privates both inside and outside her own private. A.O. told Niedenthal she used her privates to go to the bathroom.

{¶ 8} A.O. was examined at the hospital and a rape evidence collection kit was completed. The rape kit and a DNA standard from appellant were later sent to the London Ohio Bureau of Criminal Investigation (BCI) crime lab.

{¶ 9} Criminalist Hallie Dreyer of the BCI analyzed A.O.'s rape kit. No DNA foreign to A.O. was found on the anal, vaginal, or oral swabs collected from A.O. Male DNA was found on the swab used on the inside and outside waistband of the pants A.O. wore the evening in question, but not enough for comparison. Dreyer therefore conducted Y-STR testing, a Y-chromosome specific testing, on the swab. The Y-STR testing revealed a profile consistent with appellant and not expected to be seen more frequently than once in every 1,864 males in the United States population.

{¶ 10} On September 21, 2020, the Stark County Grand Jury returned an indictment charging appellant with one count of rape involving a child less than 10 years

of age. Appellant pled not guilty and elected to proceed to a jury trial which began on March 3, 2021.

{¶ 11} Before trial, on June 11, 2021, a hearing was held to determine A.O. competence to testify. The trial court asked questions of A.O. regarding the difference between the truth and a lie and the consequences for telling a lie and tested her ability to recollect and relate current and past events. Given the opportunity counsel for appellant asked no questions. The trial court withheld ruling until the first day of trial.

{¶ 12} On the first day of trial the trial court found A.O. competent to testify and appellant lodged no objection. The state then presented seven witnesses and elicited the above outlined facts. Appellant testified in his own defense and presented testimony from Dr. Julie Heining, a DNA expert.

{¶ 13} Dr. Heining testified that since the swab on which the Y-STR testing was conducted was used to swab both the inside and outside of A.O. pants, it is impossible to determine which side of the pants appellant's DNA located on.

{¶ 14} Appellant testified that while A.O was dancing around bent over, her pants, which appellant stated were two sizes too small, had slid down. He testified he pulled her pants up. He further testified that Kristina no longer wanted to babysit for L.G. due to payment issues. He stated when L.G. approached him to continue babysitting, he felt bad for her and agreed to do so. He denied L.G. ever confronted him with any allegation.

{¶ 15} After hearing the evidence and deliberating, the jury found appellant guilty as charged.

{¶ 16} At a later sentencing hearing the state produced evidence of an investigation involving appellant and circumstances nearly identical to the instant matter.

The investigation never resulted in an indictment because the victim and her family moved out of state and could not be located. Appellant offered allocution but did not challenge any of the trial court's findings made thereafter. The trial court sentenced appellant to life without the possibility of parole.

{¶ 17} Appellant timely filed an appeal and the matter is now before this court for consideration. He raises four assignments of error for our consideration as follow:

I

{¶ 18} "THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT, AND THE CONVICTION MUST BE REVERSED."

II

{¶ 19} "THE APPELLANT'S CONVICITON WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED."

III

{¶ 20} "THE TRIAL COURT ERRED BY FINDING A.O., A CHILD UNDER THE AGE OF TEN, WAS COMPETENT TO TESTIFY."

IV

{¶ 21} "THE TRIAL COURT ERRED BY SENTNENCING THE DEFENDANT TO LIFE WITHOUT THE POSSIBILITY OF PAROLE AS IT WAS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD."

I, II

{¶ 22} We address appellant's first and second assignments of error together. In these assignments of error, appellant argues his convictions are against the manifest weight and sufficiency of the evidence. We disagree.

Applicable Law

{¶ 23} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

The Conviction

{¶ 24} Appellant was convicted of one count of rape pursuant to R.C. 2907.02(A)(1)(b). Relevant to this matter that section prohibits any person from engaging

in sexual conduct with a person under the age of 13. In this matter the jury made a further special finding, specifically that the victim was under the age of 10.

{¶ 25} Sexual conduct includes vaginal intercourse between a male and female as well as insertion, however slight, of any body part or instrument into the vaginal or anal cavity of another. R.C. 2907.01(A).

Evidence Supporting Appellant's Conviction

{¶ 26} A.O.'s mother L.G. testified that on April 2, 2020, she picked A.O. up from appellant's home where A.O. had spent the night. A.O. As they drove to get something to eat, A.O. spontaneously stated appellant had been touching her privates. L.G. later confronted appellant who "took a very deep gulp" and looked like "he'd seen a ghost." T. 235-236.

{¶ 27} L.G. further testified A.O. complained that her privates hurt and were burning. When L.G. examined the area, she observed it was swollen and red. T. 237.

{¶ 28} A.O., 7-years-old at the time of her testimony, told the jury that during the night, appellant took her clothes off, touched her bottom and private parts, and put his finger and his private in her private. T. 272-274.

{¶ 29} Bobbi Jo Niedenthal, a social worker at Akron Children's Hospital, testified she spoke with A.O. upon her arrival at Akron Children's Hospital. A.O. told Niedenthal she was at Children's Hospital because her privates hurt, and her neighbor, appellant, had touched "both" of her privates with his hand and also with his private both inside and outside her private. A.O. told Niedenthal she uses her privates to go to the bathroom. T. 290-292.

Appellant's Arguments

{¶ 30} Appellant argues A.O.'s testimony was inconsistent and the testimony of L.G. was not credible.

{¶ 31} First, " '[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence.' " *State v. Craig*, Franklin App. No. 99AP-739, 2000 WL 297252, (Mar. 23, 2000) *3, quoting *State v. Nivens*, Franklin App. No. 95APA09-1236, 1996 WL 284714, (May 28, 1996) *3. A.O. was 7-years-old the day she testified. The jury was free to use their life experiences in assessing the testimony of a child verses an adult and draw its conclusion. Moreover, while A.O.'s testimony may have contained some inconsistencies, those inconsistencies pertained to minor details such as where she slept that night, not as to the details of the rape. A.O.'s recitation of the facts of the rape were consistent across disclosures from her mother, to the social worker, to the jury.

{¶ 32} Next, it is the duty of the trier of fact, not this court, to assess the credibility of the witnesses. The jury is in the best position to assess credibility as they see and hear the witness testify. Further, the jurors need not believe all of a witness's testimony, but may accept only portions of it as true. *State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (1992). Appellant argues L.G. lacked credibility because she never took A.O. to the Stark County Children's Network for an examination and interview. L.G. testified, however, that A.O. was examined at Akron Children's Hospital and a rape evidence collection kit was also completed. L.G. stated A.O. was so traumatized by that experience that she chose not to take A.O. to the Children's Network. T. 247.

{¶ 33} Finally, appellant argues the state presented no direct evidence to support appellant's conviction. While we agree the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) paragraph one of the syllabus.

{¶ 34} We reject appellant's credibility and inconsistency arguments and find his conviction is supported by sufficient evidence.

{¶ 35} Appellant's manifest weight arguments repeat his sufficiency arguments with the addition of an argument that the Y-STR DNA evidence presented by the state was confusing. We note appellant hired his own DNA expert to explain the DNA evidence to the jury. Specifically, appellants expert clarified it was not possible to determine if appellant's DNA was recovered from the inside or outside of the waistband of A.O.'s pants because the same swab was used for both areas. T. 393.

{¶ 36} Upon examination of the entire record, the evidence presented, reasonable inferences drawn therefrom, and consideration of the credibility of the witnesses, we find the jury did not lose its way in finding appellant guilty as charged. We therefore conclude appellant's conviction is not against the manifest weight of the evidence.

{¶ 37} The first and second assignments of error are overruled

III

{¶ 38} In his third assignment of error, appellant argues the trial court erred by finding the six-year-old victim competent to testify. We disagree.

Applicable Law

{¶ 39} Every person is competent to be a witness except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions

of the facts respecting which they are examined, or of relating them truly. Evid.R. 601(A).

In determining whether a child under the age of ten is competent to testify, the trial court

must consider: (1) the child's ability to receive accurate impressions of fact or to observe

acts about which he or she will testify, (2) the child's ability to recollect those impressions

or observations, (3) the child's ability to communicate what was observed, (4) the child's

understanding of truth and falsity, and (5) the child's appreciation of his or her

responsibility to be truthful. *State v. Frazier*, 61 Ohio St.3d 247, 574 N.E.2d 483 (1991).

To reverse a finding of competency, we must find the trial court abused its discretion.

*State v. Lewis*, 4 Ohio App.3d 275, 448 N.E.2d 487 (3rd Dist.1982).

Appellant's Argument

{¶ 40} Appellant does not challenge the trial court's finding of competency or its

questioning of the child victim. In fact appellant states the trial court's questioning of A.O.

was satisfactory. Instead, appellant argues A.O.'s trial testimony was inconsistent,

therefore allegedly demonstrating her lack of competence.

{¶ 41} We first note appellant made no objection to A.O.'s competency either

during the competency hearing or during A.O.'s trial testimony. Other than asking the trial

court to have A.O. define the word promise, appellant asked no questions of A.O. during

the competency hearing. Transcript of Competency Hearing January 26, 2021, 22-23.

Appellant further did not object when the trial court found A.O. competent to testify. T.

207-208.

{¶ 42} Second, in *State v. Jones*, 12th Dist. Brown No. CA2000-11-032, 2001 WL

1402638 at *6, our brethren in the Twelfth District noted:

[I]t is not the role of the trial judge to determine that everything a child will testify to is accurate, but whether the child has the intellectual capacity to accurately and truthfully recount events. *State v. Leach* (Feb. 20, 2001), Clermont CA2000-05-033, unreported, at 5. Any inconsistencies between [a child's] trial testimony and the testimony of other witnesses relate to [the child's] credibility, not [their] competency. See *id.*; *State v. Rayburn* (Apr. 24, 2000), Clinton CA99-03-005, unreported, at 6. [The child's] credibility was for the jury's consideration.

{¶ 43} Appellant's argument is a credibility argument, not a competency argument. As noted above, A.O.'s credibility was a matter for the jury's consideration. We therefore overrule the third assignment of error.

IV

{¶ 44} In his final assignment of error, appellant argues the trial court erred in sentencing him to life without the possibility of parole when such sentence was contrary to law and not supported by the record. We disagree.

The Available Sentences

{¶ 45} Appellant was convicted of the rape of six-year-old child. R.C. 2907.02(B) states in relevant part:

[I]f the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or

term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole. If the court imposes a term of life without parole, pursuant to this division, division (F) of section 2971.03 of the Revised Code applies, and the offender automatically is classified a tier III sex offender/child victim offender, as described in that division.

{¶ 46} In accordance with R.C. 2907.02(B), R.C. 2971.03(B)(1)(b) provides in relevant part:

[I]f a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, if division (A)1 of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:

(b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.

Appellant's Arguments

{¶ 47} Appellant makes several arguments under this assignment of error. First, he accuses the trial court of improperly weighing the principals and purposes of felony sentencing contained in R.C. 2929.11 and the seriousness and recidivism factors

contained in R.C. 2929.12 when it imposed a sentence of life without the possibility of parole. We disagree.

{¶ 48} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 49} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 50} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 51} There is no dispute that a sentence of life without the possibility of parole is within the statutory range for a first degree felony rape of a child under the age of 10. Appellant instead argues the trial court failed to properly consider the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 52} R.C. 2929.11 governs the overriding purposes of felony sentencing and states the following in pertinent part:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future

crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 53} R.C. 2929.12 governs factors to consider in felony sentencing and states the following in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of

sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 54} R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under said statutes. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19.

{¶ 55} Moreover, as recently stated by the Supreme Court of Ohio in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12" *Id.* at 4

{¶ 56} In the instant matter, the trial court indicated during the sentencing hearing and in its judgment entry that it had considered R.C. 2929.11 and R.C. 2929.12 in fashioning appellant's sentence. Transcript of Sentencing (T.S.) 39-40. That was all the trial court was required to do. The trial court went further, however and set forth its findings under each code section on the record. Upon review, we find the trial court properly weighed the appropriate considerations under R.C. 2929.11 and R.C. 2929.12.

{¶ 57} Appellant next argues the trial court erred by finding his sentence was consistent with the sentence imposed in *State v. McClellan*, 5th Dist. Stark No. 2017CA00193, 2018-Ohio-3355. McClellan was also convicted of the rape of a victim under the age of 10 and sentenced to life without the possibility of parole. Appellant argues the comparison is erroneous because the defendant in *McClellan* had prior convictions and he did not. Appellant failed, however to raise any objection during his sentencing hearing and has therefore waived the issue. If appellant believed his sentence was disproportionate to the sentence imposed in *McClellan,* he was obligated to raise the

issue with the trial court and present some evidence in order to preserve the matter for appeal. *State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671 ¶ 32.

{¶ 58} Finally, appellant argues the trial court improperly considered evidence of a prior investigation during his sentencing hearing. It is well settled, however, that a trial court may consider a defendant's historical behavior during sentencing.

{¶ 59} "A sentencing court has wide discretion in considering factors necessary to craft a sentence[.]" *State v. Keslar*, 8th Dist. Cuyahoga No. 107088, 2019-Ohio-2322, ¶ 12. Even uncharged conduct can be considered by the court during sentencing so long as it is not the "sole basis" for the sentence. See, e.g., *State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 25-27; *State v. Steele*, 8th Dist. Cuyahoga No. 105085, 2017-Ohio-7605, ¶ 10.

{¶ 60}  In *State v. Lunn*, 5th Dist. Muskingum No. CT2020-0031, 2021-Ohio-302 at ¶ 20, we recently noted:

> A sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement. *State v. Parsons*, 2013-Ohio-1281, 2013 WL 1289523, ¶ 18, citing State v. Starkey, 7th Dist. No. 06MA110, 2007-Ohio-6702, 2007 WL 4374457, ¶ 2; *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). [ * * * ]. Furthermore, the trial court may consider uncharged crimes, as well as charges that are dismissed in a plea agreement, as factors at sentencing. *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 2.

{¶ 61} Here, the trial court was permitted to consider the previous investigation involving appellant and further, did not sentence appellant based solely upon the uncharged crimes. The trial court went to great pains to outline its findings in support of its decision including the psychological damage to the victim and fact that appellant put himself in a role babysitter/caregiver in order to obtain private time with the child even after there were problems with payment and his girlfriend no longer wished to babysit L.G.'s children due to overwhelming circumstances in her own life. T.S. 39-49.

{¶ 62} Based on the record before this court, we find the trial court's findings in support of its imposition of life without the possibility of parole are supported by the record and further that the trial court did not err in considering appellant's nearly identical but uncharged offense.

{¶ 63} The final assignment of error is overruled.

{¶ 64} The judgment of conviction and sentence of the Stark County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Baldwin, J. concur.

EEW/rw