[Cite as *State v. Davis*, 2022-Ohio-2421.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2021 CA 00042 |
| ALLEN EDMUND DAVIS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Fairfield County Court of
                              Common Pleas, Case No. 2021 CR 148

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 13, 2022

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

R. KYLE WITT                            SCOTT P. WOOD
Fairfield County Prosecuting Attorney   Conrad/Wood
                                        120 East Main Street
DARCY T. COOK                           Lancaster, Ohio 43130
Assistant Prosecuting Attorney
239 West Main Street, Suite #101
Lancaster, Ohio 43130

*Hoffman, P.J.*

{¶1} Defendant-appellant Allen Davis appeals the judgment entered by the Fairfield County Common Pleas Court convicting him following his plea of guilty to aggravated possession of drugs (R.C. 2925.11(A), (C)(1)(c)), and sentencing him to eight to twelve years incarceration. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} In the spring of 2021, the Major Crimes Unit worked a covert operation, involving an undercover detective purchasing methamphetamine from Maureen Jenkins. During the course of the investigation, police identified Appellant as the person who supplied Jenkins with the methamphetamine.

{¶3} Following a hand-to-hand transaction of 108.75 grams of methamphetamine between law enforcement and Jenkins on April 28, 2021, Jenkins was arrested. Law enforcement then surrounded Appellant's car in order to arrest Appellant. Appellant jumped out of the car and fled on foot, dropping cash and an additional 21.6 grams of methamphetamine as he ran. Appellant was ultimately seized by a police dog, whereupon Appellant kicked the dog.

{¶4} Appellant was indicted by the Fairfield County Grand Jury with aggravated trafficking in drugs with a cash forfeiture specification, aggravated possession of drugs with a cash forfeiture specification, tampering with evidence, obstructing official business, and assaulting a police dog or horse. Pursuant to a negotiated plea agreement, Appellant entered a plea of guilty to aggravated possession of drugs with the forfeiture specification, and the remaining charges were dismissed by the State. The trial court sentenced Appellant to the maximum term of incarceration of eight to twelve years.

**{¶5}** It is from the December 9, 2021 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE.

**{¶6}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶7}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶8}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the

sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶9}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶10}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶11}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini,* 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 *quoting State v. Dinka,* 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶12} Appellant does not argue his sentence was outside the sentencing range permitted by law, but rather argues the trial court erred in sentencing him to the maximum sentence based on its weighing of the factors set forth in R.C. 2929.11 and R.C. 2929.12. As set forth in *Jones, supra*, this Court is without authority to reweigh the statutory sentencing factors. The trial court stated in its sentencing entry it had considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, and found the aggravating factors outweigh the mitigating factors. At the sentencing hearing, the trial court stated it considered everything stated at the sentencing hearing, the record of the case, the presentence investigation, Appellant's application for community control, and the principles and purposes of sentencing. Tr. 35-36. The court noted it had also balanced the seriousness and recidivism factors. Tr. 36. The court took note of Appellant's prior criminal history, specifically noting a number of misdemeanor offenses for which Appellant's probation had been revoked, and a felony offense of robbery for which Appellant served three years in a state penal institution. Tr. 36-37.

{¶13} Although at the outset of its comments the trial court specifically stated it would specifically focus on the conduct which gave rise to the aggravated possession of drug charge to which Appellant pled guilty, the trial court later noted Appellant was in possession of drugs with the apparent ability to convey, sell, or transfer the drugs to other individuals. Tr. 35,38. While Appellant argues the trial court erred in considering indicted offenses which were dismissed as part of the plea agreement, it is well-established Ohio law that the trial court may consider charges dismissed as part of the plea agreement in sentencing a criminal defendant. *State v. Lunn,* 5th Dist. Muskingum No. CT2020-0031,

2021-Ohio-302, ¶ 20, *citing State v. Cooey*, 46 Ohio St. 3d 20, 35, 544 N.E.2d 895(1989).

We find the sentence in this case is not clearly and convincingly contrary to law.

{¶14} The first assignment of error is overruled.  The judgment of the Fairfield County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur